IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Weekend Warrior Clothing, LLC, | : | |
| _____Plaintiff(s) | : | Case No.   1:24-cv-00135-JPH |
| | : | |
| | : | Judge Jeffrey P. Hopkins |
|     v. | : | Magistrate Judge Karen L. Litkovitz |
| Zazzle, Inc., et al., | : | |
| _____ | : | **JOINT DISCOVERY PLAN** |
| | : | (RULE 26(f) REPORT) |
| | : | (REQUIRED FORM) |
| Defendant(s) | : | |

Now come all parties to this case, by and through their respective counsel, and hereby jointly submit to the Court this Joint Discovery Plan, pursuant to the Court's Trial Procedure Order.   The parties conducted their discovery conference on __1/2/25_____.

**A.** **MAGISTRATE CONSENT**

The Parties:

☐    unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c).

X    do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c).

☐    unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c), for trial purposes only, in the event that the District Judge assigned is unavailable on the date set for trial (e.g. because of other trial settings, civil or criminal).

**B.     RULE 26(a) DISCLOSURES**

☐     The parties have exchanged pre-discovery disclosures required by Rule 26(a)(1).

X     The parties will exchange such disclosures by ___February 5, 2025._____

☐     The parties are exempt from disclosures under Rule 26(a)(1)(E).

NOTE:   Rule 26(a) disclosures are <u>not</u> to be filed with the Court.

**C.     DISCOVERY ISSUES AND DATES**

1.     Discovery will need to be conducted on the issues of
_____

___See Attachment A_____

2.     The parties recommend that discovery

   X     need not be bifurcated

   ☐     should be bifurcated between liability and damages

   ☐     should be bifurcated between factual and expert

   ☐     should be limited in some fashion or focused upon particular issues which relate to_____

3.     Disclosure and report of Plaintiff(s) expert(s) by __October 13, 2025._____

4.     Disclosure and report of Defendant(s) expert(s) by___ November 24, 2025.

5.     Disclosure and report of rebuttal expert(s) by ___December 22, 2025._____

6.     Disclosure of non-expert (fact) witnesses _December 1, 2025._____

7.     Discovery cutoff __January 30, 2026._____

8. Anticipated discovery problems

☐_____

X None

9. Describe the subjects on which discovery is to be sought and the nature, extent and scope of discovery that each party needs to: (1) make a settlement evaluation, (2) prepare for case dispositive motions, and (3) prepare for trial:

_____

_____See Attachment A_____

10. Discovery of Electronically Stored Information. The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form or forms in which it should be produced.

\_\_\_X\_\_\_ Yes

_____ No

i. The parties have electronically stored information in the following formats:

_____Plaintiff: PNG, JPG, MP4, PD4, Excel, Word_____

_____Defendant: EML, PNG, PJG, TIFF, PDF, DOC, PPT, XLSX, HTML, MSG, and other common types._____

ii. The case presents the following issues relating to disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:

_____N/A_____

_____

_____

11. Claims of Privilege or Protection.  The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evid. 502.

____X____ Yes

_____ No

i. The case presents the following issues relating to claims of privilege or of protection as trial preparation materials:

_____The parties will use a standard form protective order._____
_____

_____

ii. Have the parties agreed on a procedure to assert such claims AFTER production?

_____ No

__X___ Yes

_____ Yes, and the parties ask that the Court include the following agreement in the scheduling order:

_____

_____

_____

**D.** **LIMITATIONS ON DISCOVERY**

    1. Changes in the limitations on discovery

☐ Extension of time limitations (currently one day of seven hours) in taking of depositions to _____.

☐ Extension of number of depositions (currently 10) permitted to _____.

☐ Extension of number of interrogatories (currently 25) to _____.

☐ Other: _____.

X None

**E.** **PROTECTIVE ORDER**

X A protective order will likely be submitted to the Court on or before \_\_February 5, 2025\_.

☐ The parties currently do not anticipate the need for a protective order. If the parties subsequently deem that one is necessary, they will submit a joint proposed order to the Court. Such order will be in compliance with *Procter & Gamble Co. v. Bankers Trust Co.,* 78 F. 3d 219 (6th Cir. 1996).

**F.** **SETTLEMENT**

A settlement demand \_\_\_X\_\_ has _____ has not been made.

A response \_\_\_X\_\_\_ has _____ has not been made.

A demand can be made by _____

A response can be made by _____

**G.     MOTION DEADLINES**

      1.     Motion to amend the pleadings and/or add parties by _February 12, 2025_____

      2.     Motions relative to the pleadings by   _February 26, 2025__(Defendant intends to file a motion to dismiss for lack of personal jurisdiction or venue)._____

      3.     Dispositive motions by __February 23, 2026_____

**H.     OTHER MATTERS PERTINENT TO MANAGEMENT OF THIS LITIGATION**

_____N/A_____

_____

_____

Signatures:   __/s/ Zander A. Weiss_____/s/ Gerhardt Gosnell II_____

           Attorney for Plaintiff(s)      Attorney for Defendant(s)

           __Zander A. Weiss_____  __Gerhardt Gosnell II___

**Attachment A to Rule 26(f) Report**

The parties anticipate requesting discovery on at least the following topics:

- Pictures and/or exemplars of the allegedly infringing products
- Screenshots of Zazzle webpages depicting the allegedly infringing products
- Correspondence between Plaintiff and Defendant related to DMCA notices and/or other requests to take down the allegedly infringing products.
- Defendant's business model, including its manufacturing, shipping, promotion, sales, and customer service related to the allegedly infringing products
- Defendant's policies and procedures regarding intellectual property infringement and notices of same
- Prior claims of intellectual property infringement against Defendant.
- Sales and profit information related to the allegedly infringing products.
- Non-privileged communications regarding the allegedly infringing products and/or the lawsuit
- Creation, design, authorship, development, and publication of asserted works, including creation and publication dates for each of the asserted works
- The identities of the authors of the asserted works
- The method of creation of the asserted works
- The time and cost of creation of the asserted works
- Knowledge of preexisting elements of the asserted works
- Ownership, assignment, and licensing of the asserted works
- Preparation and prosecution of copyright applications for the asserted works, including relevant deposits and other communications with the Copyright Office
- Plaintiff's sales, revenue, profits related to asserted works
- Plaintiff's marketing and advertising of asserted works
- Samples of products sold by Plaintiff depicting asserted works
- Correspondence between Plaintiff and Zazzle related to DMCA notices and/or other requests to take down the allegedly infringing products
- Plaintiff's policies and/or practices with respect to monitoring unauthorized use of Plaintiff's trademarks, including policies with respect to notifying third parties of alleged infringements
- Plaintiff's enforcement and protection of the asserted works, including any litigation, notices of infringement and/or correspondence relating to such enforcement or protection
- Documents, communications, opinions related to or discussing any alleged value of the asserted works
- Plaintiff's alleged damages resulting from the alleged infringements and any corresponding documents relating to the calculation of damages, actual or statutory

2507922.1

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and paper copies will be sent to those indicated as non-registered participants on January 2, 2025.

*s/Zander A. Weiss*
*Zander A. Weiss*